CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER J. ESTES,** | ) |
| Petitioner, | ) Case No. 7:23CV00804 |
| v. | ) **OPINION** |
| **CHADWICK DOTSON,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Christopher J. Estes, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under the judgment entered in 2014 based on newly discovered evidence. After review of the record, I conclude that the petition must be summarily dismissed without prejudice because Estes has not exhausted his available state court remedies.

On February 11, 2013, a grand jury for the Circuit Court of the City of Martinsville, Virginia, returned indictments charging Estes with robbery, use of a firearm, and possession of a firearm as a convicted felon. Estes entered a guilty plea and the state court sentenced him on January 30, 2014, to thirty years in prison, with fifteen years suspended. Estes did not appeal.

Estes claims that he filed a motion to vacate/void judgment in the circuit court on July 26, 2016, based on newly discovered exculpatory evidence. The circuit court

did not assign a separate civil action number to this motion and denied it on August 8, 2016.  Estes asserts that he filed an appeal of this ruling that was denied.

Estes next claims that he filed a state habeas corpus petition, apparently raising his new evidence claims and other grounds for relief like those presented in his federal petition.  Estes states that this petition was denied by the state court.  Online records for the Supreme Court of Virginia, however, indicate that Estes filed a state habeas petition in that court on December 12, 2022, that is still pending.  Furthermore, Estes provides no information or documentation indicating that the state court has denied or dismissed his habeas case.

Under 28 U.S.C. § 2254(b), this court can grant a habeas petition only if the petitioner has exhausted the remedies available in the courts of the state in which he was convicted.  The exhaustion requirement is completed by obtaining review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Under Virginia law, after his time for direct appeal has expired, Estes may challenge his confinement by filing a state habeas petition in the Supreme Court of Virginia, as online court records indicate that he has done.  Va. Code Ann. § 8.01-654(A)(1).  That habeas case is still pending.  Until Estes has received a ruling from the Supreme Court of Virginia on his habeas claims, he may have an available state court remedy and thus, he has not demonstrated satisfaction of the exhaustion

requirement under § 2254(b). Therefore, this federal district court cannot consider the claims in his federal petition on the merits under § 2254. Instead, I find it appropriate to dismiss Estes' petition without prejudice to allow him to complete the required exhaustion process in the state court where his petition is currently pending. *Slayton v. Smith*, 404 U.S. 53, 54 (1971) (holding that § 2254 habeas petition should be dismissed without prejudice if petitioner has an available state court remedy that he has not exhausted).

A separate Final Order will be entered herewith.

DATED: May 9, 2024

/s/ JAMES P. JONES
Senior United States District Judge