CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
February 27, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER J. ESTES,** | ) |
| Petitioner, | ) Case No. 7:23CV00804 |
| v. | ) **OPINION** |
| **CHADWICK DOTSON,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Christopher J. Estes*, Pro Se Petitioner; *Liam A. Curry*, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Chadwick Dotson.

The petitioner, a Virginia inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2014 convictions in the Circuit Court for the City of Martinsville for robbery, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon. This matter is currently before me on the respondent's Motion to Dismiss and Rule 5 Answer. Estes was provided notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) but he has not filed a timely response. The matter is now ripe for review, and after careful consideration, I conclude that the Motion to Dismiss must be granted and the habeas Petition denied.

I.  BACKGROUND.

Following submission of the Petition,[1] by Order entered December 13, 2023, the court advised Estes that his pleading appeared to be untimely and allowed him the opportunity to provide additional information to show why his claims are timely filed before facing dismissal. Order 2–3, Dkt. No. 6. In response, Estes provided a timeline of events leading up to the present Petition. Petr's Br. Resp. 2, Dkt. No. 9. Upon further review, however, I determined that Estes still had a state habeas case pending at the time, and the Petition filed in this court must be summarily dismissed without prejudice for failure to exhaust his state remedies. Op. 3, Dkt. No. 10. Estes then moved to reinstate the case, providing evidence that the pending state court proceeding involved an issue unrelated to the present federal habeas Petition.[2] Pet'r Mot., Dkt. No. 14. I granted the motion but emphasized that the Petition appeared untimely and required that Estes provide specific reasons why he could not have submitted the Petition earlier. Order, Dkt. No. 15. Estes submitted a second response regarding the untimeliness issue. Br. Resp. Timeliness, Dkt. No. 18. Estes once again outlined a similar timeline as set forth in his response to the court's

---

[1] Estes originally filed the Petition in the Eastern District of Virginia; however, it was transferred to this court due to Estes' challenge of a judgment in the Circuit Court of the City of Martinsville, which is located in the Western District of Virginia.

[2] In any event, according to the respondent's brief and attached exhibits, the pending state habeas petition was dismissed by the Supreme Court of Virginia on June 25, 2024. Br. Supp. Mot. Dismiss Ex. 6 at 1, Dkt. No. 25-6.

December 13, 2023, Order, and raised arguments regarding newly found evidence and a collateral attack exception. *Id.* at 3. The Petition was served on the respondent, who has filed the Motion to Dismiss and Rule 5 Answer, which includes state court records attached as exhibits to the supporting brief.

Upon review of the record, the factual timeline appears to be as follows:

1. Estes pled guilty to robbery, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon and was sentenced on February 20, 2014, by the Circuit Court for the City of Martinsville. Br. Supp. Mot. Dismiss Ex. 1 at 1, Dkt. No. 25-1.

2. Estes did not appeal his conviction.

3. On July 26, 2016, Estes filed a Motion to Vacate Void Judgment in the Circuit Court for the City of Martinsville. *Id*. Ex. 2 at 2, Dkt. No. 25-2. He claimed that "[e]xtrinsic fraud was committed by the fingerprint analysis through unethical conduct." *Id.* at 4. He asserted that "Katherine Johnson examined the print . . . . She was later fired for unethical conduct." *Id.* He asked the court whether "her judgment [was] ethical during the process of the analysis of the case in question," and argued that the fingerprint evidence should not be admissible. *Id.*

4. The circuit court denied the motion on August 8, 2016. *Id.* at 1. The circuit court's order does not contain a reason for this decision.

5. Estes appealed the circuit court's decision to the Supreme Court of Virginia on December 22, 2016, but because Estes failed to perfect the appeal, it was dismissed on March 21, 2017. *Id*. Ex. 3 at 1, Dkt. No. 25-3.

6. Estes filed a second Motion to Vacate Void Judgment in circuit court and the circuit court denied the motion on July 24, 2018. *Id*. Ex. 4 at 1, Dkt. No. 25-4. This motion raised similar claims related to the fingerprint analyst whose employment was terminated, but this time added issues with the plea agreement, the chain of custody, and counsel withholding evidence from the petitioner. *Id.* at 3.

7. Estes appealed this decision on October 9, 2018. *Id*. Ex. 5 at 3, Dkt. No. 25-5.

8. On July 15, 2019, the Supreme Court of Virginia dismissed Estes' petition for appeal after full briefing. *Id.* at 1.

9. Estes filed a petition for rehearing on August 2, 2019, which the Supreme Court of Virginia denied on November 21, 2019. *Id.* at 2, 45.

10. Estes then filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Virginia which was received on December 12, 2022. Ex. 6 at 5, Dkt. No. 25-6. This petition was regarding denial of "Earned Sentencing Credits."

11. The Supreme Court of Virginia dismissed the petition on June 25, 2024. *Id.* at 1.

12. While the habeas case was pending in the Supreme Court of Virginia, Estes executed the subject petition on November 9, 2023, and it was received by the United States District Court for the Eastern District of Virginia on November 22, 2023. The case was then properly transferred to this court for its consideration.[3] In support of his current Petition, Estes raises the following grounds for relief:

> 1. The trial court erred in putting my criminal case number on my motion to vacate void judgment instead of putting a civil action number on my motion to make it an independent action.
>
> 2. The trial court erred by allowing commonwealth to breach the plea agreement by not dismissing conspiracy to commit robbery offense, instead only nolle prossed the offense.
>
> 3. The trial court erred by allowing commonwealth to use fraudulent fingerprint evidence to induce guilty plea.

---

[3] Estes had also filed a prior federal habeas petition in the Eastern District of Virginia in November 2020 regarding the same underlying conviction. *See Estes v. Clarke*, 1:20-cv-01431-CMH-JFA (E.D. Va. Aug. 11, 2022), *aff'd*, No. 22-7063, 2023 WL 6410850, at *1 (4th Cir. Sept. 28, 2023) (unpublished). However, because the prior petition was dismissed for failure to pay the requisite filing fee, the current petition is not considered successive under 28 U.S.C. §2244(b). *See In re Goddard*, 170 F.3d 435, 348 (4th Cir. 1999) (concluding that § 2254 petitions "dismissed for reasons such as unripeness, failure to exhaust state remedies, or failure to pay filing fees are not counted in determining whether a later motion is 'second or successive'" under the statute).

4. The trial court erred by allowing commonwealth to not fully disclose exculpatory evidence, therefore preventing appellant from making an intelligent and voluntary plea, also from having a liable defense.

5. The trial court erred in deciding that the broken chain of custody wasn't sufficient enough to be heard on its merits.

6. The trial court erred when it abused its authority and sentenced the appellant to serve five years in the state prison.

7. The trial court erred in denying appellants motion to vacate void judgment on the grounds that the conviction is not void as a matter of law.

8. Ineffective Assistance of Counsel; Counsel "unreasonable" errors and not fulfilling the role of the adversary process that the Sixth Amendment envisions.

Pet. 9, Dkt. No. 1.

## II. APPLICABLE STANDARD.

Section 2254 permits certain challenges to state court convictions and sentences, and the Supreme Court of the United States has adopted rules governing such cases. Rule 5, which, in part, governs the habeas respondent's answer to a § 2254 petition, relevantly dictates that an answer "must state whether any claim in the petition is barred by . . . a statute of limitations," and must include available records from the underlying proceedings. Rules Governing § 2254 Cases in U.S. Dist. Ct. 5(b) & (c).

"In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). Thus, in considering a motion to dismiss a habeas petition, it must be determined whether the petitioner has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making such assessment, courts must consider "the face of the petition and any attached exhibits." *Walker,* 589 F.3d at 139 (quoting *Wolfe v. Johnson,* 565 F.3d 140, 169 (4th Cir. 2009)). Reading the foregoing together with Rule 5, courts may consider "material from the record of the state habeas proceeding . . . without having to convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56(b)." *Id.* Furthermore, matters of public record may also be considered for purposes of a § 2254 motion to dismiss. *See id.*

III. Discussion.

A. Statute of Limitations.

The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

> (A) [T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) [T]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) [T]he date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) [T]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal filing period is tolled during the time when a properly filed state post-conviction proceeding is pending. § 2244(d)(2).

A "'[f]inal judgment in a criminal case means sentence,'" therefore, the limitations period begins when both the conviction and sentence become final. *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937). The judgment then becomes final once the availability of appeal is exhausted, the time for filing a petition for writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal. *Clay v. United States*, 537 U.S. 522, 525 (2003). A criminal defendant in Virginia has thirty days from the date of his conviction in which to file an appeal. Va. Code Ann. § 8.01-675.3. However, when a state prisoner does not seek appellate review, judgment becomes final when time for seeking direct review expires. *Gonzales v. Thaler*, 565 U.S. 134, 149-50 (2012).

Here, Estes was sentenced on February 20, 2014. He then had thirty days to challenge his final judgment. Estes did not appeal, and the availability to do so would have become exhausted on March 22, 2014. Consequently, Estes's

opportunity to file a habeas petition lapsed one year later. His first effort to challenge the judgment was not filed until July 26, 2016, and the current Petition was executed on November 9, 2023—both well beyond the one-year deadline. Therefore, unless Estes has set forth a valid basis for tolling the statute of limitations, his Petition is untimely.

### B. Statutory Tolling.

In calculating the one-year period of limitation, the Court must exclude the time during which properly filed state collateral proceedings are pending. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts).

In an attempt to explain his untimeliness, Estes asserts that because the 2016 Motion to Vacate Void Judgment filed in circuit court should have been filed as an independent action (rather than as a motion filed as part of his criminal case) and was a "collateral attack," he meets an exception to the statute of limitations. Br. Resp. Timeliness, Dkt. No. 18.

The Supreme Court has identified three kinds of actions or claims that fall within "the established standards of collateral attack": a claim that a proceeding violated a defendant's constitutional rights, that the imposed sentence fell outside statutory limits, or that "the proceeding was . . . infected with [an] error of fact or

law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979). Furthermore, the Supreme Court has explained that in the context of the one-year limitation period under § 2244(d), "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). The federal habeas mechanism is the "archetypical collateral review." *Graham v. Borgen*, 483 F.3d 475, 479 (7th Cir. 2007). To determine whether a procedure constitutes an application for collateral review of the judgment, "we look to how a state procedure functions, rather than the particular name that it bears." *Id.* (internal quotation marks and citation omitted).

Estes cites to Va. Code Ann. § 8.01-428 as the statute governing his Motion to Vacate Void Judgment and relies on subsection D., which provides that "[t]his section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding." However, Virginia courts have determined that this statute does not invest the state trial court with authority to vacate or modify a final judgment in a criminal proceeding. *Myers v. Commonwealth*, 544 S.E.2d 80, 82 (Va. Ct. App. 1998). Rather, it is a vehicle reserved for correcting clerical errors and is still subject to a twenty-one-day jurisdictional time bar in accordance with Rule 1:1 of the Rules of the Supreme Court

of Virginia. *Id.* at 82. Therefore, the state circuit court did not have jurisdiction to entertain the 2016 Motion to Vacate Void Judgment and it does not serve as an application for collateral review here. *Price v. Pierce*, 617 F.3d 947, (7th 2010) (rejecting an argument that a motion for forensic testing not available at trial filed under an Illinois statute was a collateral attack on the judgment that tolled the one-year statute of limitations for filing a habeas petition). Even if such a motion did constitute a request for collateral review, it was not timely filed in the first instance to effectively toll the statute of limitations. *Wall*, 562 U.S. at 556 (determining a Rule 35 motion to reduce sentence under Rhode Island law is an application for collateral review subject to the provisions of § 2244).

## C.  Equitable Tolling.

Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). A habeas petitioner seeking equitable tolling of the one-year limitations period "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. When the failure to file a timely petition is a result of the petitioner's own lack of diligence, equitable tolling is not appropriate. *Id.* at 419.

In response to the Court's directions to explain why he could not have filed his untimely petition sooner, Estes asserts that his claims are equitably tolled based on the discovery of new evidence. If a petitioner alleges newly discovered evidence, "the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 388–89 (2013) (quoting § 2244(d)(1)(D)). However, Estes does not explain what evidence has been newly discovered, nor does he describe when precisely he discovered it. Despite having been given two opportunities to justify his untimeliness, Estes does not specifically state when this information was accessible to him in order for me to undertake a proper analysis of the issue. Although he claims that the newly discovered evidence wasn't accessible until after sentencing, this vague explanation is insufficient. *Id.* at 399 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").

In liberally construing his pro se pleadings, it could be ascertained that Estes is arguing that the new evidence discovered was information regarding a supposed break in the chain of custody and fraudulent fingerprinting. Regarding the chain of custody evidence, Estes's pleadings do not state that he was unaware of any issues with the chain of custody before his sentencing. In fact, Estes' exhibits include part of a transcript of a hearing held during the underlying proceedings wherein the chain

of custody is narrated by testimony. Pet. Attach. G, Dkt. No. 1-1. If Estes was not present for the hearing or otherwise unaware of this testimony, he does not say so. *Pace*, 544 U.S. at 419, n.9 (rejecting a "new evidence" claim because evidence "was not new at all" when it consisted of affidavits regarding a meeting the petitioner attended with his counsel during underlying proceedings).

Regarding the fingerprint analyst evidence, Estes's exhibits to the petition indicate that his attorney had information regarding the fingerprint analyst's termination from employment—and that the termination was not related to falsification of results—prior to the conclusion of the underlying criminal proceedings. Pet. Ex. C, Dkt. 1-1. The letter from the attorney sending this information to Estes at his request is dated October 26, 2017. *Id.* However, his first motion filed in circuit court was dated July 26, 2016, and contains allegations regarding the fingerprint analyst's firing, making it unclear when Estes was aware of the issue. As I stated, Estes was given the opportunity to explain twice, but has failed to specifically plead when this new evidence was discovered and why it caused delay in challenging his conviction. Although Estes states that the information could not have been discovered through the exercise of due diligence, he does not provide any basis on which he makes such a conclusory remark. *See e.g.*, *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (determining that a habeas petitioner's conclusory statement that he "diligently pursued his rights and remedies" did not

establish due diligence as required for equitable tolling, absent specificity as to the steps taken to diligently pursue his federal habeas claims). Therefore, Estes has not met his burden to demonstrate why he could not have brought these issues in a timely manner.

Furthermore, it appears that Estes's claims regarding a delay in the discovery of new evidence are couched in an ineffective-assistance-of-counsel allegation. In the Petition, Estes alleges that his counsel informed him of the fingerprint analyst being fired "after sentencing." Pet. Attach. H at 2–3, Dkt. No. 1-1. However, this bare assertion fails to demonstrate that such conduct constitutes an extraordinary circumstance sufficient to warrant equitable tolling of the statute of limitations. Indeed, it has been held that a delay in obtaining legal documents without an explanation of how such delay prevented a petitioner from filing a timely habeas petition does not support equitable tolling. *Downes v. Carroll*, 348 F. Supp. 296, 303 (D. Del. 2004) (determining that a habeas petitioner was not entitled to equitable tolling of the limitations period based on any delay in obtaining legal documents attributable to his former attorneys where the petitioner did not explain how delay prevented him from filing timely petition, and thus how the attorneys' conduct was egregious) (citing *Brown v. Shannon*, 322 F.3d 768 (3d Cir.); *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000)). I conclude the same here.

In further support of his argument that he is entitled to equitable tolling, Estes adds "the lapse of time that the lower courts [sic] has taken to respond to petitioner pleadings beforehand to get to the Habeas Corpus proceeding" as a reason for his failure to timely file the subject Petition.  Br. Resp. Timeliness 3, Dkt. No. 18. However, this argument is unpersuasive.  As stated herein, pursuant to § 2244(d)(2), the filing period is tolled while any properly filed state post-conviction proceeding is pending.  Had Estes properly challenged his convictions in the first instance, or otherwise shown some extraordinary circumstance that prohibited him from doing so, any time taken for the state circuit court to enter an order on his filings would have been calculated into the tolling window in accordance with the statute. Ultimately, Estes has not met his burden to demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way of timely filing this habeas petition

Finally, Estes raises several allegations regarding the error committed by the state circuit court, some of which were raised in his earlier pleadings in state court, and some of which appear to be new allegations.  Usually, "mixed petitions" such as this would be dismissed, the petitioner would be permitted the opportunity to exhaust remaining claims in state court, and he could proceed on the exhausted claims in this court.  *Burton*, 549 U.S. at 154.  However, because Estes has failed to

meet the requirements of § 2244(d) without equitable tolling available as a remedy, as explained herein, his claims are time-barred and cannot be considered.

IV.  CONCLUSION.

Based on the foregoing, the respondent's Motion to Dismiss will be granted and Estes' Petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). A separate Judgment will be entered herewith.

ENTER: February 27, 2026

/s/  JAMES P. JONES
Senior United States District Judge